UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                        No.  15 CR 139-LTS

SAMUEL WALDMAN,

      Defendant.

--------------------------------------------------------x

### MEMORANDUM ORDER

Before the Court is Defendant Samuel Waldman's motion for early termination of

supervised release or, alternatively, modification of certain conditions of supervised release that

restrict his contact with minors.  (Docket entry no. 117 (the "Motion").)  Both the Government

and the U.S. Probation Office oppose these requests.  The Court has reviewed thoroughly the

parties' submissions and arguments, as well as the Court's records concerning Mr. Waldman's

conduct under supervision, and, for the following reasons, denies the Motion.

### BACKGROUND

On July 28, 2015, Mr. Waldman pled guilty before this Court to one count of

possession of child pornography, in violation of 18 U.S.C. sections 2 and 2252A(a)(5)(B).

(Docket entry no. 43.)  On January 26, 2016, the Court sentenced him to three months of

imprisonment,[1] to be followed by eight years of supervised release, including a period of twelve

months of home detention.  (Docket entry no. 52.)  Due to the nature of his underlying offense, a

number of special conditions were imposed to deter reoffending and promote rehabilitation (e.g.,

monitoring and restrictions of computer and internet use, and mandated sex offender treatment

---

[1]     As recommended by the Court, Mr. Waldman served his term of custody in a community
corrections facility.  (See docket entry no. 60.)

and/or mental health treatment) and to limit Mr. Waldman's contact with minors absent the Probation Office's approval in the interest of public safety.  (See id. at 4.)  Mr. Waldman commenced his first term of supervised release on September 14, 2016, which was set to terminate on September 13, 2024.  (Docket entry no. 83 at 2.)

Following a series of noncompliance incidents involving deceptive conduct in connection with treatment, and failure to abide by the terms of his home detention (involving unapproved absences and noncompliance with restrictions on proximity to minors) and his conditions concerning computer and internet monitoring, which were addressed with him by the Probation Office (docket entry nos. 72 (January 2017), 75 (April 2017), 82 (April 2018)), a violation report with three specifications was submitted on July 26, 2018, for which Mr. Waldman was summoned to appear before the Court.  (Docket entry no. 83.)  Mr. Waldman subsequently admitted to Specification Two of the Report, which charged that, on or about May 9, 2018, Mr. Waldman was in the vicinity of minors without prior approval by his probation officer.  (See id.; docket entry no. 94 (the "2018 Judgment").)  Sentencing on the admitted specification was set for October 23, 2018, at which time Mr. Waldman's term of supervised release was revoked as of the close of business on November 19, 2018, and he was ordered to serve seven days of imprisonment and a reimposed term of six years of supervised release, to include a four-month period of home detention following his release.  (See 2018 Judgment.)  Additional special conditions regarding Mr. Waldman's association with minors and use of computer and internet-capable devices had been added prior to the sentencing and were included as special conditions of his reimposed term of supervised release.  (See docket entry no. 90; 2018 Judgment.)  Mr. Waldman began his reimposed term of supervised release on November 26, 2018.  (Docket entry no. 99 at 3.)

Since that time, the Court has received two additional non-compliance reports, the first of which was dated February 3, 2022 (see generally id.), and again concerned Mr. Waldman's unauthorized and unreported proximity to minors, among other issues with compliance (see id.), and the second of which was dated April 26, 2023, and concerned Mr. Waldman's failure to comply with his computer and internet monitoring conditions (docket entry no. 112). A hearing was held in response to the February 2022 report, and Mr. Waldman's conditions were subsequently modified to limit his interactions with minors while accommodating his religious observance practices. (Docket entry no. 109.)

Mr. Waldman submitted the instant Motion by writing directly to the Court on June 11, 2024. (Motion at 1; docket entry no. 113.) The Court thereafter entered an order (docket entry no. 113) directing further briefing from Mr. Waldman's counsel and the Government. The additional submissions were filed on June 27, 2024 (docket entry no. 115 ("Def. Mem.")), and July 11, 2024 (docket entry no. 118 ("Gov't Mem.")), respectively. The Motion is now fully briefed.

DISCUSSION

A court may terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," and may also "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C.A. § 3583(e)(1)-(2) (WestLaw through P.L. 118-66); see also United States v. Johnson, 529 U.S. 53, 60 (2000). In determining whether to grant an application for termination or modification of the conditions of supervised release, the reviewing court must consider certain sentencing factors set forth in 18

U.S.C. section 3553(a) ("Section 3553(a)"), including "deterrence, public safety, rehabilitation, proportionality, and consistency." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997); 18 U.S.C. § 3583(e)(1)-(2). Early termination is not "warranted as a matter of course," and decisions regarding termination and modification are within the discretion of the district court. United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (citation omitted); see also United States v. Parisi, 821 F.3d 343, 347-48 (2d Cir. 2016).

Mr. Waldman cites three reasons for seeking early termination or modification of his reimposed term of supervised release: (1) the length of time since his arrest and the amount of time he has served on supervised release; (2) his current lack of employment and desire to apply for a position in a school setting; and (3) his assertion that he has no sexual interest in minors. (See generally Motion.) To this, Mr. Waldman's counsel adds that Mr. Waldman "has sustained just one violation" since the onset of his supervision in 2016, that Mr. Waldman had a long history in the teaching profession and held those jobs without incident, and that certain special conditions, i.e., those limiting contact with minors, have been "particularly debilitating for Mr. Waldman" and "have hampered his ability to fully participate" in "important family, community, and cultural events, to say nothing of his ability to find meaningful employment." (Def. Mem. at 1-2.) Mr. Waldman's counsel further asserts that "Mr. Waldman has demonstrated that he is rehabilitated by dint of his good conduct over many years of supervision." (Id. at 2.)

Both the Government and the U.S. Probation Office oppose Mr. Waldman's requests. (Gov't Mem. at 1.) The Government cites Mr. Waldman's "uneven" compliance with the terms of his supervision, stating that:

> At bottom, the defendant's request appears to misapprehend the opinion of those supervising and treating him in light of his underlying offenses,

continue to avoid grappling with the underlying problems that gave rise to the offense conduct, and alarmingly, seek to dismiss supervision to spend additional time around young people in light of the protestations of Probation.

(Id.)

The Government further notes that Mr. Waldman's supervising Probation Officer obtained information from Mr. Waldman's "sex officer clinician," who "has been consulted regarding the defendant's request to spend time around minor children."  (Id.)  According to the Government's letter, Mr. Waldman's clinician "believes [Mr. Waldman] remains a risk to third parties and maintains a sexual interest in minors such that the request should be denied," and that, "while [Mr. Waldman] does not believe sex offender treatment is necessary, [his clinician] firmly disagrees, believing the treatment should continue until further notice."  (Id.)

After considering all of the relevant information in light of the applicable factors, the Court concludes that Mr. Waldman has failed to present facts and circumstances that would justify either early termination or the requested modification of his current term of supervised release.  As the Government notes, and as set forth at length above, Mr. Waldman's adjustment to supervision has been "uneven" at best.  (See Gov't Mem. at 1 ("[T]he defendant's compliance with Probation and the terms of his supervision has been uneven, and has included significant friction over years with Probation's terms and treatment schedules given the crime of conviction.").)  While the Court has not received notice of noncompliance since the last noncompliance report was submitted in April of 2023, the Court concludes, in light of the record as a whole, that the full term of supervised release and accompanying restrictions on contact with minors remain necessary to serve the goals of sentencing, including deterrence and public safety, as discussed by the Court in imposing Mr. Waldman's term of supervised release.  (See docket entry no. 97 ("Oct. 23 Sent. Tr.") at 27 (finding "that there is a need to promote deterrence and

respect for the terms of Mr. Waldman's sentence by demonstrating that a major consequence of the crime of which he was convicted is that the sentence restricts the way he interacts with his community," including children); id. at 28 (noting that a goal of the sentence imposed was that "Mr. Waldman will be sufficiently attuned to the requirements of his supervised release by the sanctions imposed [at the October 2018 sentencing]," and that he would be "compliant and entirely worthy of the Court's trust going forward").)

The Court is also persuaded by the information concerning Mr. Waldman's ongoing sex offender treatment that service of the full term of supervised release and accompanying conditions will continue to support and promote Mr. Waldman's rehabilitation, another goal enunciated by the Court in imposing the current term of supervised release. (See Oct. 23 Sent. Tr. at 28 (noting that a goal of the imposed sentence was also to "support and promote [Mr. Waldman's] continued healing and growth into . . . a new and appropriate relationship with the community including the children in the community.").)

Finally, Mr. Waldman has not proffered any new or unforeseen circumstances that warrant the relief requested. See, e.g., Lussier, 104 F.3d at 36 ("Occasionally, changed circumstances . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."). Putting aside the opinion of Mr. Waldman's current clinician that Mr. Waldman remains a risk to third parties—an assertion that the defense does not specifically engage—Mr. Waldman has not established if or why he cannot obtain gainful employment in another field, nor that he would in fact be eligible for the positions he seeks in the absence of supervised release, given the nature of his underlying offense and his status as a Level 2 sex offender in New York State (docket entry no. 75 at 4). Cf., e.g., United States v. Harris, 689 F. Supp. 2d 692, 695 (S.D.N.Y. 2010)

(granting early termination where defendant "demonstrate[d] convincingly that being on supervised release not only create[d] multi-faceted obstacles to his advancing in his company and the petroleum industry, which seemingly against the odds he ha[d] rejoined, but also place[d] his employment at hazard in the present economic downturn").  Moreover, Mr. Waldman's desire to spend time with his large family and his community is a factor that was considered and weighed by the Court in formulating Mr. Waldman's current, reimposed term of supervised release.

In short, the applicable Section 3553(a) factors continue to weigh against early termination of Mr. Waldman's term of supervised release or modification of the conditions of his release that would permit him greater access to minors.  The Motion is accordingly denied.

CONCLUSION

For the reasons explained above, the Motion is denied, and Mr. Waldman is directed to serve the remainder of his term of supervised release, as reimposed on October 23, 2018.  This Memorandum Order resolves docket entry nos. 115 and 117.

SO ORDERED.

Dated: July 22, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge